IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-078-GPM |
| | ) |
| ILLINOIS DEPARTMENT OF PUBLIC HEALTH, GOVERNOR OF THE STATE OF ILLINOIS, ILLINOIS LEGISLATIVE BODY, and ILLINOIS STATE ATTORNEY GENERAL, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff filed this case in February 2008. Construing his *pro se* complaint liberally, as the Court must, he claims that Defendants have denied him equal protection under the law by first allowing the medical and insurance professions to establish rates based on "smoking-vs-non-smoking, which then opened the supposedly legal doors to that of today, un-fair taxation on the legal product known as 'tobbaco' and [now] the out right ban ('discrimination with prejudice') of smoking in a public place and/or establishment, and as such does in fact deny the less fortunate and who cannot afford there right to 'equal justice'" (Doc. 1, p. 3). Plaintiff describes himself as an ethnic minority smoker (*Id.* at 6). He separately filed a "motion of 'remedy,'" in which he seeks reimbursement of any and all expenses and for his mental and emotional suffering (Doc. 3).

Plaintiff also filed a motion to proceed *in forma pauperis*, along with a supporting affidavit (Doc. 4). Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section

1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that -
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal -
>      (i) is frivolous or malicious;
>      (ii) fails to state a claim on which relief may be granted; or
>      (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As used in the *in forma pauperis* statute, the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. This provision, which currently is part of the Prison Litigation Reform Act, applies not only to cases brought by prisoners, but to cases brought by all indigent litigants. *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). The statute

> is designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke*, 490 U.S. at 327-28. Where frivolous allegations cannot be remedied through more specific pleading, a court may dismiss them with prejudice. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *see also Gladney*, 302 F.3d at 775 ("a suit dismissed on the ground that it is frivolous normally cannot be refiled"); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (per curiam) (recognizing that the Supreme Court, in *Denton*, noted the possibility that dismissals

under the *in forma pauperis* statute on the ground of frivolousness could be with prejudice).

Plaintiff's complaint is factually and legally frivolous. His rights are not being limited because he is part of a minority, and "smokers" are not a protected class under the Fourteenth Amendment. His claim that his rights to "life, liberty and the [pursuit] of happiness" are being denied is without legal merit. Accordingly, this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(i). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 04/28/2008

                s/ G. Patrick Murphy
                G. Patrick Murphy
                United States District Judge